1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MICHAEL J. HASSEN (Bar No. 124823 ), mjh@jmbm.com
2  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3824
3  Telephone: (415) 398-8080
   Facsimile: (415) 398-5584
4
   JEFFER, MANGELS, BUTLER & MARMARO LLP
5  MICHAEL A. GOLD (Bar No. 90667), mgold@jmbm.com
   1900 Avenue of the Stars, Seventh Floor
6  Los Angeles, California 90067-4308
   Telephone: (310) 203-8080
7  Facsimile: (310) 203-0567

8  Attorneys for Defendant WITNESS SYSTEMS, INC.

9

10

11                           UNITED STATES DISTRICT COURT

12                          NORTHERN DISTRICT OF CALIFORNIA

13                                    SAN FRANCISCO

14  ACTUATE CORPORATION                    CASE NO.    C 06 3794 MJJ

15         Plaintiff,                      **STIPULATION OF PARTIES TO
                                           CONTINUE DATES TO AMEND
16     v.                                  COMPLAINT AND FOR RESPONSE TO
                                           COMPLAINT; DECLARATION OF
17  WITNESS SYSTEMS, INC.                  STEVEN H. FRANKEL; [PROPOSED]
                                           ORDER**
18         Defendant.

19

20

21         Pursuant to Civil L.R. 6-1, Plaintiff Actuate Corporation ("Actuate") and Defendant

22  Witness Systems, Inc. ("Witness"), by and through their respective counsel of record, hereby

23  stipulate as follows.

24                                       **RECITALS**

25         WHEREAS, this action was originally filed in the Superior Court of California,

26  County of San Francisco;

27         WHEREAS, Witness timely removed this case from the Superior Court to this Court

28  on Friday, June 16, 2006;

PRINTED ON
RECYCLED PAPER

4084618v1
Case No. C06 3794 MJJ                        - 1 -                    Stipulation To Continue Dates

1        WHEREAS, Actuate does not oppose or contest the removal of this action to this
2 Court;

3        WHEREAS, pursuant to Federal Rules of Civil Procedure 81(c) and 6(a), the
4 deadline for Witness to respond to Actuate's Complaint is currently Friday, June 23, 2006;

5        WHEREAS, in light of the removal of this case to Federal Court, Actuate desires to
6 amend its Complaint to recast its claims under the Copyright Act;

7        WHEREAS, counsel for Actuate is currently in trial;

8        WHEREAS, the parties do not wish to waste each other's time and resources or the
9 time and resources of the Court responding to the initial Complaint in view of Actuate's intent to
10 amend that Complaint;

11        WHEREAS, the parties have agreed to allow Actuate until July 24, 2006 to file and
12 serve its First Amended Complaint;

13        WHEREAS, the parties have further agreed to allow Witness 20 days after service of
14 the First Amended Complaint to respond;

15        WHEREAS, the parties have further agreed that neither party will initiate any
16 discovery until after Witness has filed its response to the First Amended Complaint, but will
17 participate in a conference of counsel pursuant to Federal Rule of Civil Procedure 26(f) as soon as
18 practical after Witness has filed its response to the First Amended Complaint;

19        WHEREAS, this agreement will not affect or delay any of the events or deadlines
20 fixed by the Court in its June 16, 2006 Order Setting Initial Case Management Conference, or any
21 other dates or deadlines fixed by the Court in this action.

## STIPULATION

Actuate and Witness hereby stipulate to the following:

1. That Witness shall not be required to file a response to the initial Complaint;

2. That Actuate shall have until July 24, 2006 to file and serve a First Amended Complaint in this action, re-casting its claims under the Copyright Act;

3. That the deadline for Witness to respond to the First Amended Complaint shall be 20 days after service of the First Amended Complaint, as that time is calculated pursuant to Federal Rule of Civil Procedure 6;

4. That in the event that Actuate does not file a First Amended Complaint by July 24, 2006, Witness shall have 20 days from July 24, 2006 to respond to the initial Complaint instead, as that time is calculated pursuant to Federal Rule of Civil Procedure 6;

5. That no party shall initiate any discovery until Witness has filed a response to the initial Complaint or the First Amended Complaint or the deadline for Witness to file such a response has passed.

DATED: June 22, 2006

JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL A. GOLD
MICHAEL J. HASSEN

By: _____
MICHAEL A. GOLD

Attorneys for Defendant WITNESS SYSTEMS, INC.

DATED: June 22, 2006

SONNENSCHEIN NATH & ROSENTHAL LLP
STEVEN H. FRANKEL
AENGUS H. CARR

By: _____
STEVEN H. FRANKEL

Attorneys for Plaintiff ACTUATE CORPORATION

# DECLARATION OF STEVEN H. FRANKEL

I, Steven H. Frankel, declare as follows:

1. I am counsel of record for plaintiff Actuate Corporation ("Actuate") in this matter. I have personal knowledge of the facts set forth herein, and if called as a witness could and would testify truthfully and competently thereto.

2. In light of the removal of this case to Federal Court, Actuate desires to amend its Complaint to recast its claims under the Copyright Act.

3. However, I am currently in trial.

4. I am lead trial counsel for Actuate in this matter, and was principally responsible for drafting the initial Complaint. I will also be principally responsible for drafting a First Amended Complaint. It would be extremely difficult and expensive to bring another attorney in my firm up to speed on the relevant facts sufficient to draft a First Amended Complaint.

5. No prior modifications of time have been made in this case, either by stipulation of the parties or by Court order.

6. The modifications requested by the parties in this stipulation and [proposed] order will not affect or delay any of the events or deadlines fixed by the Court in its June 16, 2006 Order Setting Initial Case Management Conference, or any other dates or deadlines fixed by the Court in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 22, 2006 at San Francisco, California

STEVEN H. FRANKEL

**[PROPOSED] ORDER**

Upon the foregoing stipulation of the parties, good cause being shown therefore, the Court hereby orders as follows:

1. Witness shall not be required to file a response to the initial Complaint;

2. Actuate shall have until July 24, 2006 to file and serve a First Amended Complaint in this action, re-casting its claims under the Copyright Act;

3. The deadline for Witness to respond to the First Amended Complaint shall be 20 days after service of the First Amended Complaint, as that time is calculated pursuant to Federal Rule of Civil Procedure 6;

4. In the event that Actuate does not file a First Amended Complaint by July 24, 2006, Witness shall have 20 days from July 24, 2006 to respond to the initial Complaint instead, as that time is calculated pursuant to Federal Rule of Civil Procedure 6;

5. No party shall initiate any discovery until Witness has filed a response to the initial Complaint or the First Amended Complaint or the deadline for Witness to file such a response has passed.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/28/2006

_____
The Honorable Martin J. Jenkins
United States District Judge