ANNETTE L. HURST (Bar No. 148738)
Annette.Hurst@HellerEhrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Attorneys for Plaintiff
ACTUATE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ACTUATE CORPORATION., | Case No.: C-06-3794 MJJ |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| WITNESS SYSTEMS INC., | |
| Defendant. | |

Plaintiff Actuate Corporation ("Actuate") complains of defendant Witness Systems, Inc. ("Witness Systems" or "Witness") as follows:

## NATURE OF THE ACTION

1.    In 1999, Actuate and Witness Systems entered into a licensing agreement whereby Witness acquired the right to distribute Actuate's software products with its own, subject to payment of royalties.  This agreement materially enhanced the value of Witness's products.  The deal was twice extended and amended by the parties to reflect the increased price of (and therefore increased royalties for) the Actuate software. During the last term of the agreement, Witness burned up its prepaid royalty, failed to obtain a further renewal of the license, *and then kept selling Actuate's software anyway.* This willful copyright infringement must be stopped and recompensed.

Heller
Ehrman LLP

**THE PARTIES**

2.      Actuate is a corporation organized under the laws of the state of Delaware with its principal place of business at 701 Gateway Blvd., South San Francisco, California 94080.

3.      Actuate is informed and believes that Witness Systems is a corporation organized under the laws of the state of Delaware, with its principal place of business at 300 Colonial Center Parkway, Roswell, Georgia  30076.

**JURISDICTION AND VENUE**

4.      Witness Systems is subject to personal jurisdiction in California since it is doing business and is registered and licensed to transact business in this state by the California Secretary of State.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

6.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**FACTUAL BACKGROUND**

7.      Actuate is engaged in the business of developing and distributing enterprise reporting and analytics software that corporations use to analyze business data and design, publish, and distribute report content through company networks and the Internet. Actuate has developed numerous successive versions of its enterprise reporting and analytics software, summarily referenced herein as Actuate 1.0, Actuate 2.0, Actuate 3.0, Actuate 3.05, Actuate 3.1, Actuate 3.2, Actuate 3.2.2.1, Actuate 4.0, Actuate 4.1, Actuate 4.1 e.Analysis, Actuate 5.0, Actuate 5 SP1, Actuate 5 SP2, Actuate 6.0, Actuate 6 SP1, Actuate 7.0, Actuate 7 SP1, Actuate 7 SP2 LP, Actuate 8.0 LP, and Actuate 8 SP1 (collectively, the "Actuate Enterprise Software").

8.      Actuate owns the copyrights in the Actuate Enterprise Software, and has obtained registrations therefor.  True and correct copies of the Certificates of Registration for the respective versions of the Actuate Enterprise Software described in paragraph 7

Heller
Ehrman LLP

2

above are attached hereto and incorporated herein as Exhibit A.

9.    Actuate is informed and believes that defendant Witness Systems provides workforce optimization software that enables the development of strategic staffing plans, deployment of skilled resources, and the evaluation of workforce productivity and performance.

10.    On or about December 22, 1999, Witness Systems entered into an Enterprise Application Partner Software License Agreement ("License Agreement") with Actuate. The License Agreement permitted Witness Systems to reproduce and distribute various copyrighted versions of Actuate's Enterprise Software with its own software products until December 15, 2002.

11.    The License Agreement provided Witness Systems with a substantial discount from Actuate's standard pricing but in return required Witness Systems to pay a substantial up-front, non-refundable pre payment of licensee fees. The amount of these prepaid license fees was then reduced based upon an agreed-upon minimum royalty per unit of Actuate Software reproduced and distributed to end users by Witness Systems. The license fees payable by Witness Systems to Actuate would first be credited and offset against Witness System's non-refundable minimum license fee balance, with any remaining license fees payable to Actuate on a quarterly basis if Witness Systems' non-refundable minimum license fee balance had been exhausted.

12.    Enterprise Software is often licensed under a model requiring payment of both a license fee and ongoing "maintenance" payments. Maintenance payments entitle licensees both to improvements in the software and ongoing technical support services. Under the License Agreement, Witness Systems agreed to pay Actuate annual maintenance fees in the amount of 12.5% of the cumulative license fees for the end-users who had agreed to enter into or renew their maintenance agreements with Witness Systems. These maintenance fees were not credited and offset against Witness Systems' non-refundable minimum license fee balance, and were due and payable to Actuate on a quarterly basis.

Heller
Ehrman LLP

3

13. On or about December 13, 2002, in Amendment No. 1 to the License Agreement, Actuate and Witness Systems agreed to renew their deal. Pursuant to Amendment No. 1, Witness Systems' right to distribute Actuate Enterprise Software at a discounted rate was renewed for two more years until December 15, 2004, and Witness Systems agreed to pay Actuate an additional non-refundable prepaid license fee of $400,000.00. Amendment No. 1 also provided that if Witness Systems had not exhausted the non-refundable minimum license fees paid to Actuate by the end of the renewal term, the License Agreement would be extended for two additional years, or until December 15, 2006. During year one of the extended term, Witness Systems agreed to pay down its prepaid license fee balance based on a per CPU license fee of $3500.00, and during year two of the extended term, Witness Systems agreed to pay down its prepaid license fee balance based on a per CPU license fee of $4500.00.

14. The prepaid royalty was not exhausted by December 15, 2004, so the agreement did not expire. At the beginning of the first calendar quarter of 2005, Witness Systems had a prepaid non-refundable minimum license fee balance with Actuate of $196,000.00. Prior to March 16, 2005, Witness Systems had distributed Actuate Enterprise Software on 15 CPUs. With a per CPU license fee of $3500.00, Witness Systems' non-refundable minimum license fee balance was reduced from $196,000.00 to $143,500.00.

15. On or about March 16, 2005, Actuate and Witness Systems entered into another extension of the License Agreement ("Amendment No. 2"). Pursuant to the terms of Amendment No. 2, Witness Systems agreed to pay Actuate an additional non-refundable minimum license fee of $300,000.00, against which would apply an increased minimum royalty of $10,000.00 for each CPU on which Witness Systems distributed Actuate Enterprise Software.

16. Amendment No. 2 also provided that the License Agreement would terminate at the earlier of: (a) distribution of new CPU licenses by Witness Systems sufficient to deplete its minimum non-refundable license fee balance with Actuate; or (b)

Heller
Ehrman LLP

4

March 16, 2006. In addition, Witness Systems agreed to pay Actuate $37,500.00 in maintenance fees for the new licenses distributed during the term of Amendment No. 2. Upon the effective date of Amendment No. 2 on March 16, 2005, Witness Systems had a prepaid non-refundable minimum license fee balance with Actuate of $443,500.00.

17.    During the remainder of the first calendar quarter of 2005, Witness Systems distributed Actuate Enterprise Software on 11 CPUs. Witness Systems distributed Actuate Enterprise Software on 38 CPUs in the second calendar quarter of 2005, on 35 CPU's in the third calendar quarter of 2005, and on 17 CPUs in the fourth calendar quarter of 2005. Thus, from March 16, 2005 through the fourth calendar quarter of 2005, Witness Systems distributed Actuate Enterprise Software on a total of 101 CPU's.

18.    Sometime during the second calendar quarter of 2005 and unbeknownst to Actuate, upon Witness Systems' distribution of Actuate Enterprise Software on the forty-fourth CPU after Amendment No. 2 became effective on March 16, 2005, the License Agreement in fact did expire because the prepaid royalty was exhausted. Witness Systems did not, however, report that the royalty was exhausted. Instead, sixty days after expiration of the quarter, Witness offered royalty reports that showed an incorrect calculation. Actuate did not discover this error, and remained ignorant of the fact that the License Agreement had expired--although it was aware that the License Agreement was likely to expire in the not-too-distant future.

19.    In the third quarter of 2005, Actuate and Witness Systems entered into negotiations for a further extension of the License Agreement but were unable to come to an agreement.

20.    Notwithstanding the expiration of the License Agreement in the second quarter of 2005 and its failure to obtain a further renewal, Witness Systems continued to use and to distribute various versions of the copyrighted Actuate Enterprise Software on at least 57 CPU's. An audit was performed by Actuate in February of 2006, and that audit revealed that Witness Systems unlawfully purported to extend the term of its

Heller
Ehrman LLP

FIRST AMENDED COMPLAINT
CASE NO.: C-06-3794 MJJ

1   license agreement by crediting Actuate for the lower amount of per-unit royalties under

2   Amendment 1 rather than the higher amount of per-unit royalties under Amendment 2.

3   Worse, even using Witness Systems' improper calculation of minimum per-unit royalties

4   to determine whether the prepaid license fees had been exhausted, Witness continued to

5   reproduce and distribute the Actuate Enterprise Software *even after the license had*

6   *expired by its own calculations.*

7       21.     Witness Systems is itself in the enterprise software business and knows

8   well the value of intellectual property, and the protection and limitations afforded by

9   copyrights and copyright licenses in particular.  By reproducing and distributing software

10  beyond the term of the parties' license, Witness Systems willfully engaged in

11  infringement of Actuate's copyrights.  Witness willfully and oppressively infringed

12  Actuate's intellectual property rights for its own economic advantage, because it was

13  unwilling to pay the price necessary to obtain a further extension of the term of its license

14  and could not provide the substitute functionality required by its customers in a timely

15  fashion.

16                          **FIRST CAUSE OF ACTION**

17                          (Copyright Infringement)

18      22.     Actuate realleges and incorporates the allegations of paragraphs 1-21 of

19  this First Amended Complaint as though fully set forth herein.

20      23.     Actuate owns the copyrights to the Actuate Enterprise Software.  Witness

21  Systems reproduced and distributed the Actuate Enterprise Software in an unauthorized

22  fashion in violation of 17 U.S.C. Section 106.

23      24.     Upon information and belief, Actuate continues to engage in the

24  unauthorized reproduction and/or distribution of the Actuate Enterprise Software to this

25  day in connection with its upgrading, maintenance and support of its customer installed

26  base.

27      25.     The price for Actuate Enterprise Software increased substantially

28  throughout the term of the parties' agreement, and was far in excess of the bargained for

Heller
Ehrman LLP

FIRST AMENDED COMPLAINT
CASE NO.: C-06-3794 MJJ

1  minimum royalty at the time of termination of the License Agreement. Because

2  maintenance fees are charged as a percentage of the license price, maintenance fees also

3  increased substantially for Actuate's software during and after the term of the parties'

4  agreement. Knowing of these increases and in a deliberate attempt to evade paying for

5  them after the parties were unable to come to terms on another extension to the License

6  Agreement (including the required guaranteed non-refundable prepayment of license

7  fees), Witness Systems nonetheless willfully reproduced and distributed the Actuate

8  Enterprise Software after expiration of the License Agreement. Further, Witness

9  Systems did so for its own advantage in selling its own software to its customers, who

10  desired the functionality provided by the Actuate Enterprise Software.

11       26.    As a direct and proximate result of Witness Systems' infringement of its

12  copyrights, Actuate has been damaged by being deprived of the standard list price for

13  licensing copies of its software, as well as the percentage of maintenance fees based upon

14  that standard license price, in an amount well in excess of $4,000,000 to be proven at

15  trial.

16       27.    Furthermore, Witness Systems has been unjustly enriched by its

17  unauthorized reproduction and distribution of the Actuate Enterprise Software. Witness

18  Systems benefited by being able to sell its own software to customers along with the

19  Actuate Software, and by continuing to reproduce the Actuate product in connection with

20  its maintenance, support and upgrading activities. Actuate therefore seeks disgorgement

21  of all direct and indirect profits earned by Witness Systems, to the extent not duplicative

22  of Actuate's actual damages, with respect to the unauthorized reproduction and

23  distribution of the Actuate Enterprise Software.

24       28.    Witness Systems' infringement was willful and oppressive, justifying an

25  award to Actuate of exemplary damages. Exemplary damages should be awarded in this

26  action to deter and punish Witness Systems for its knowing violation of Actuate's legal

27  rights in pursuit of its own economic gain.

28       29.    There is no adequate remedy at law for Witness Systems' continued

Heller
Ehrman LLP

7

unauthorized reproduction and distribution of Actuate's Enterprise Software.  Under the

Copyright Act, Actuate is entitled to an immediate and permanent injunction prohibiting

such further unauthorized reproduction and distribution of its software.

### PRAYER FOR RELIEF

WHEREFORE, Actuate prays for judgment against Witness Systems and

seeks the following relief:

1.      an order preliminarily and permanently enjoining Witness Systems from any
further reproduction or distribution of the Actuate Enterprise Software for any purpose;

2.      actual damages caused by Witness Systems infringement of Actuate's
exclusive rights under the Copyright Act;

3.      all fees or profits (direct or indirect) derived by Witness Systems as a result of
its infringement;

4.      exemplary damages for willful and oppressive infringement;

5.      attorneys' fees, pre and post-judgment interest, and costs of suit as permitted
by law; and such other relief as the Court deems just and proper.

DATED: July 24, 2006                    Respectfully submitted,

                                        HELLER EHRMAN LLP


                                        By _____/s/_____
                                          ANNETTE L. HURST
                                          Attorneys for Plaintiff
                                          ACTUATE CORPORATION

Heller
Ehrman LLP

FIRST AMENDED COMPLAINT
CASE NO.: C-06-3794 MJJ

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff ACTUATE
CORPORATION hereby demands a jury trial on all issues so triable alleged in its complaint
against Defendant WITNESS SYSTEMS INC.

DATED: July 24, 2006                           Respectfully submitted,

                                               HELLER EHRMAN LLP


                                               By ___/s/_____
                                                   ANNETTE L. HURST
                                                   Attorneys for Plaintiff
                                                   ACTUATE CORPORATION

Heller
Ehrman LLP

9

FIRST AMENDED COMPLAINT
CASE NO.: C-06-3794 MJJ

## PROOF OF SERVICE BY ECM/ECF AND BY MAIL

### Case No.: C 06 3794 MJJ, N.D.Ca

I, Orapin Eskridge, declare as follows:

I am employed with the law firm of Heller Ehrman LLP, whose address is 333 Bush Street, San Francisco, CA  94104-2878.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On July 24, 2006, I served the following document:

**FIRST AMENDED COMPLAINT**

on the parties to this action by electronically filing true and correct copies with the Clerk of the court using ECM/ECF system which automatically sent notification by e-mail of such filing to the following:

mjh@jmbm.com

sfrankel@sonnenschein.com

And I hereby certify that I have mailed the document to the following non-ECM/ECF participant:

> Michael A. Gold
> JEFFER MANGELS BUTLER &
> MARMARO LLP
> 1900 Avenue of the Stars, 7th Floor
> Los Angeles, CA  90067-4308

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this certificate of service was executed on the 24th day of July 2006 at San Francisco, California.

By _____
Orapin Eskridge

PROOF OF SERVICE
CASE NO.: C 06 3794 MJJ